IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JEFFREY F. RUDERT,**

    Plaintiff,

  vs.                                        **Civil Action 2:12-cv-818**
                                                  Judge Graham
                                                  Magistrate Judge King

**GARY C. MOHR,** *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

This matter is before the Court for the initial screen of the *Complaint* required by 28 U.S.C. §§ 1915(e), 1915A. For the reasons that follow, it is recommended that the *Complaint* be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff, currently incarcerated in the Marion Correctional Institution ["MCI"], seeks injunctive and monetary relief against various officials of the Ohio Department of Rehabilitation and Correction and MCI in connection with plaintiff's grievances. Specifically, plaintiff complains that he has not been provided grievances forms as requested by him, that his grievances have been ignored or not responded to in timely fashion and that his grievances have not been resolved properly.

It is well-established that the due process clause of the United States Constitution does not confer upon prison inmates a right to an effective prison grievance procedure. *Walker v. Michigan Dept. Of Corrections*, 128 Fed. Appx. 441, 2005 WL 742743, **3 (6th Cir. April 1, 2005). Moreover, the fact that plaintiff has filed this action indicates that he has not been denied his First Amendment right to petition the

government for a redress of grievances or his right of access to the courts. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996). Furthermore, the alleged unavailability of an effective prison grievance procedure simply fails to involve the wanton infliction of pain prohibited by the Eighth Amendment. *See Wilson v. Seiter*, 501 U.S. 294 (1991). This Court therefore concludes that the *Complaint* fails to state a claim upon which relief can be granted.

It is therefore **RECOMMENDED** that the *Complaint* be dismissed.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

s/Norah McCann King
Norah M<sup>c</sup>Cann King
DATE: October 9, 2012              United States Magistrate Judge