IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JEFFREY F. RUDERT,**

      **Plaintiff,**

  vs.                                  Civil Action 2:12-cv-818
                                        Judge Graham
                                        Magistrate Judge King

**GARY C. MOHR,** *et al.***,**

      **Defendants.**

## OPINION AND ORDER

On October 9, 2012, the Magistrate Judge issued a *Report and Recommendation*, Doc. No. 7, recommending that the *Complaint* be dismissed for failure to state a claim upon which relief can be granted. This matter is before the Court on plaintiff's *Objection to Recommendation of Dismissal of Complaint* ("*Plaintiff's Objections*"), Doc. No. 9. For the reasons that follow, *Plaintiff's Objections* are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Plaintiff, an inmate in the Marion Correctional Institution ("MCI"), alleges violations of due process and the First Amendment right access the courts, against officials of the Ohio Department of Rehabilitation and Corrections and MCI in connection with plaintiff's grievances. *See Complaint*, ¶¶ 27, 35, 38, 53, 73. Plaintiff alleges that his grievances have been ignored or not timely responded to, that he has not been provided grievance forms as requested, that his grievances have not been resolved properly, and that MCI improperly

requires inmates to submit an original copy (the "canary yellow copy") of grievances to prison officials.  Plaintiff seeks monetary relief and injunctive relief mandating, *inter alia*, that defendant Smith be removed as a state officer and replaced with someone educated in the grievance process and that defendant Miley be trained in grievance procedures.  *Id*. at pp. 16-17.

The Magistrate Judge recommended that the *Complaint* be dismissed for failure to state a claim because "the due process clause of the United States Constitution does not confer upon prison inmates a right to an effective prison grievance procedure" and because plaintiff has not been denied his First Amendment right to access the courts.  *Report and Recommendation*, pp. 1-2.  Plaintiff objects to the *Report and Recommendation* on the basis that the Magistrate Judge miscategorized his claims.  According to plaintiff, his claims are not based on whether MCI has an effective grievance procedure or whether he has direct access to the courts.  *Plaintiff's Objections*, pp. 2-3.  Plaintiff argues that his claims are based on defendants' "chilling and hindering" the availability of administrative remedies and whether plaintiff has to exhaust administrative remedies prior to bringing a § 1983 claim.  *Id*. at pp. 2-3.

The Prisoner Litigation Reform Act ("PLRA") requires a prisoner filing a claim under federal law relating to prison conditions to first exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 519 (2002).  The statute provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In order to satisfy this exhaustion requirement, an inmate plaintiff must "complete the administrative review process in accordance with the applicable procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). "[F]ailure to exhaust is an affirmative defense under the PLRA, and [ ] inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Exhaustion is not a jurisdictional predicate but the requirement is nevertheless mandatory, *Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999), even if proceeding through the administrative procedure would appear to the inmate to be "futile." *Hartsfield v. Vidor*, 199 F.3d 305, 308–10 (6th Cir. 1999).

"Exhaustion" under the PLRA means "proper exhaustion." *Woodford*, 548 U.S. at 93. To properly exhaust, prisoners must "tak[e] advantage of each step the prison holds out for resolving the claim internally and . . . follow the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed–Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010); *Jones*, 549 U.S. at 217–18 (noting that proper exhaustion requires "[c]ompliance with prison grievance procedures").

Ohio has established a procedure for resolving inmate complaints. *See* Ohio Admin. Code § 5120-9-31. The procedure is available to an inmate "regardless of any disciplinary status, or other administrative or legislative decision to which the inmate may be subject," and it is intended to "address inmate complaints related to any aspect of

3

institutional life that directly and personally affects the grievant," including "complaints regarding policies, procedures, [and] conditions of confinement." *Id*. § 5120-9-31(A), (D). Certain matters are not grievable, however, including "complaints unrelated to institutional life, such as legislative actions, policies and decisions of the adult parole authority, judicial proceedings and sentencing or complaints whose subject matter is exclusively within the jurisdiction of the courts or other agencies." *Id*. § 5120-9-31(B).

Ohio employs a three-step grievance procedure. First, an inmate must file an informal complaint within fourteen days of the event giving rise to the complaint. *Id*. § 5120-9-31(K)(1). The informal complaint must be filed "to the direct supervisor of the staff member, or department most directly responsible for the particular subject matter of the complaint." *Id*. If the informal complaint is resolved in a manner that is unsatisfactory to the inmate, he must file a notification of grievance with the inspector of institutional services within fourteen days. *Id*. § 5120-9-31(K)(2). If the inmate is dissatisfied with the disposition of the grievance, he must then appeal to the office of the chief inspector within fourteen days. *Id*. § 5120-9-31(K)(3). An inmate does not exhaust his remedies under § 5120-9-31 until he has received a decision in an appeal to the office of the Chief Inspector. If an inmate has a grievance against the warden or inspector of institutional services, he must file it directly to the office of the Chief Inspector, whose decision is final. *Id*. § 5120-9-31(M).

Plaintiff appears to argue that defendants are preventing him from satisfying the exhaustion requirement of the PLRA by barring his

grievances at step two of Ohio's grievance procedure. *Plaintiff's Objections*, p. 2.  Plaintiff essentially argues that defendants' improper responses and resolution of his grievances, *see Complaint*, ¶¶ 1-3, 11, 18, 21, 29, 48, 57-58, 75, defendants' failure to provide grievance forms as requested, *see id*. at ¶¶ 6, 10, 30, 51, and MCI's requirement that inmates submit an original copy of grievances to prison officials, *see id*. at ¶¶ 19-27, 30-34, 41-43, 52, 69-72, renders the grievance process unavailable. *See id*. at ¶¶ 27, 35, 38, 53, 73.  According to plaintiff, the unavailability of the grievance process is a violation of due process and his First Amendment right to access the courts.  *Id.*; *Plaintiff's Objections*, pp. 2-3.

In order to state a viable claim for interference with access to the courts, a plaintiff must show actual prejudice to pending or contemplated litigation.  *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Christopher v. Harbury*, 536 U.S. 403, 416 (2002) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513-515 (2002)).  Plaintiff alleges that defendant interfered with his right of access to the courts by preventing him from exhausting his administrative remedies.  Plaintiff does not, however, allege that he was injured by defendants' conduct; plaintiff has not been prevented from filing suit and he does not allege any interference with pending litigation.  Further, the exhaustion requirement mandates only exhaustion of *available* administrative

5

remedies.  *See* 42 U.S.C. § 1997e(a) (emphasis added).  "If plaintiff was improperly denied access to the grievance process, the process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action."  *See e.g.*, *Watson v. Karppinen*, No. 2:12-cv-260, 2012 U.S. Dist. LEXIS 102208, at *3 (W.D. Mich. July 24, 2012).  Under the circumstances, plaintiff's appropriate recourse is to persuade a court that he has exhausted *available* administrative remedies and that he has plead a non-frivolous claim that entitles him to relief; not that he is entitled to an injunction mandating a certain state procedure.  Plaintiff has therefore failed to state a First Amendment access to the courts claim.

Moreover, as the Magistrate Judge noted, plaintiff does not have a due process right to file a prison grievance.  It is well established that there is no constitutional or state created right to any particular grievance procedure.  *Threatt v. Birkett*, No. 07-1752, 2008 U.S. App. LEXIS 28074, at *2 (6th Cir. Feb. 15, 2008) (quoting *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005)).

In short, the *Complaint* fails to state a claim upon which relief can be granted.

Pursuant to 28 U.S.C. § 636(b)(1), this Court has conducted a careful *de novo* review of the *Report and Recommendation* and *Plaintiff's Objections*.  For the foregoing reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, *Plaintiff's Objections*, Doc. No. 9, are **OVERRULED**.  The *Report and*

*Recommendation*, Doc. No. 7, is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED** for failure to state a claim upon which relief can be granted.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.


Date: November 2, 2012                    s/James L. Graham
                                          James L. Graham
                                          United States District Judge